## Flanagan et ux., Appellants, v. Waverly Oil Works Company.

Argued October 6, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas L. Kane,* for appellants.—All prior negotiations were merged in the agreement, and it must be construed exactly as written: Nick v. Craig, 301 Pa. 50.

A contract must be so interpreted as to give effect to all of its provisions: Moran v. Bair, 304 Pa. 471; Nickerbocker Trust Co. v. Ryan, 227 Pa. 245; Harrity v. Continental Equity Trust Co., 280 Pa. 237; Revloc Supply Co. v. Troxwell, 281 Pa. 424; Found. & Com. Co. v. Trust Co., 307 Pa. 10.

*J. Merrill Wright,* with him *J. Stanton Carson,* for appellee.—The important question is if possible to determine and give effect to the intention of the parties as ascertained by a fair and reasonable interpretation of the terms used and the language employed in the contract of guaranty: Dunlevy v. Dobbs, 53 Pa. Superior Ct. 411; Miller v. Rodd, 285 Pa. 16.

OPINION BY MR. CHIEF JUSTICE FRAZER, November 27, 1933:

Plaintiffs appeal from refusal of the lower court to remove a compulsory nonsuit entered in their action to recover from defendant rent for the balance of the term of a lease for real estate, originally to one J. L. Clyman for a period of fourteen years and four months, begin-

ning December 1, 1926, and ending April 30, 1941, the premises to be used for an automobile service station. Defendant company, a manufacturer of gasoline and oils, leased to lessee and installed on the leased premises, equipment necessary for a service station, and further contracted to sell him for resale necessary station supplies; consequently having an "interest in the subject-matter of said lease," defendant entered into an agreement, to which lessor and lessee also were parties, guaranteeing payment of rental by lessee for a period of three years and four months from December 1, 1926, "in the amounts and at the times in the manner set forth in said agreement." In event of default in payment of any installment of rent during the period of the three years and four months named, defendant agreed to pay such unpaid sums, and upon payment of any defaulted installment it thereupon became substituted for lessee in the lease agreement, with all the rights and liabilities of lessee. As security for defendant's undertaking lessee assigned to it all property, equipment, etc., on the premises, the same to become the absolute property of defendant upon any default of lessee. Following the clauses stating the above provisions, it is expressly set forth that, "the obligation of third party [surety] under this agreement shall end when second party shall have paid to first parties said rental for said period, viz., for three (3) years and four (4) months from December 1, 1926."

As regards the equipment on the premises, the lease provided that "whenever rent......is unpaid, the lessor may seize or distrain said property......and sell the same......" and that "removal......of any goods or chattels from said premises by the tenant while any portion of the rent for the full term shall be unpaid, shall be deemed a fraudulent and clandestine removal, and the whole rent for the entire term shall fall due and be collectible," etc.

Clyman, original lessee, with assent of lessors and guarantor, assigned his lease to Chester W. Miller, who

entered into an agreement with lessor and defendant on exactly the same terms as those of the first triparty agreement except that, the time of execution being a year later than the first lease, the term of liability of the surety [defendant] was reduced to two years and four months from December 1, 1927, ending April 1, 1930, as did the original guaranty.

Upon Miller's default in payment of the stipulated rent for the months of February and March, 1928, defendant paid the overdue amounts, took possession of the leased premises, including property and equipment thereon, owned by defendant and leased to lessee by it for use in operating the service station, and continued to operate same and pay installments of rent as they became due, up to and including March 31, 1930, the expiration of the full period of two years and four months, at which time it removed its own property and vacated the premises.

Plaintiffs contend that when defendant as surety paid Miller's rent and took over the property, it assumed his lease as a substituted tenant for the balance of the full term of fourteen years and four months, and by so doing became liable for the full amount of the rent for the remainder of that term.

Defendant having paid all rent due during the period of two years and four months, denies further liability and asserts the intention of the parties under the agreement as a whole clearly indicates that defendant company should guarantee the rent to plaintiff for three years and four months, later reduced to a term of two years and four months, and thereupon its liability should end, and also avers the provision to take over the property as tenant was for the protection of guarantor's interests in case it became obligated by lessee's default for payment of the rent during that period.

The court below held that to construe the agreement as plaintiffs would have us construe it would be to render defendant's right of substitution for the period

of its guaranty valueless to defendant, unless it were willing to assume the tenant's entire liability under the lease for the balance of the fourteen-year term. We are of opinion such construction is, in the words of the lower court, "entirely unwarranted and not in accord with the intention of the parties as revealed when the agreement is read as a whole. When the paragraphs [in question] are read with their context it clearly appears that the right of substitution was given to defendant solely for its protection and to lessen its loss in case of default by the tenant." See Alcorn Combustion Co. v. Kellogg, 311 Pa. 270, 274, and cases cited.

No other construction is possible, taking into consideration the reiterated condition in the guaranty that defendant's liability was for the limited time, and that a construction such as appellants contend for would bring about a situation in which the guarantor, by meeting its obligation to be responsible for the rent for the shorter designated period, would become liable for a much greater obligation, extending the guaranty, in effect, for fourteen years and four months, instead of two years and four months, in accordance with the plainly stated words of the contract.

The court below correctly concluded "that defendant was obligated to pay the rental only for the period of its guaranty, and having done so, it is discharged from any further obligation under the agreement," and also that it was invested with authority to remove its own property at the end of its liability under the contract.

Judgment affirmed.